T.C. Memo. 2018-151

UNITED STATES TAX COURT

KIM ENCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4755-17.                              Filed September 11, 2018.

Kim Ence, pro se.

<u>Bryant W. Smith</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  Respondent determined a deficiency of $83,068 in

petitioner's Federal income tax for 2010.  Respondent also determined a penalty

[*2] under section 6662(a) of $16,614.[1]  After concessions by the parties,[2] the sole issue for decision is whether petitioner sustained an $85,000 loss during the 2010 tax year.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulated facts are incorporated in our findings by this reference.  Petitioner resided in Utah when he timely filed his petition.

Petitioner owns 98% of Tri Vector, LLC (Tri Vector), a Utah limited liability company that was taxed as a partnership.  Through Tri Vector, he also owned an interest in Executive Fitness, a Utah limited liability company that was taxed as a partnership.  By the close of 2010, Tri Vector had invested a total of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2] Petitioner claimed capital gains and losses totaling $284,000 from various investments in a number of different companies.  The parties agreed to adjustments with regard to all of petitioner's claims but the $85,000 loss in Executive Fitness, LLC (Executive Fitness).  As to the accuracy-related penalty under sec. 6662(a), petitioner concedes this issue in full.  The parties agree that the amount of this penalty will be recomputed on the basis of the resolution of the other issues below.

[*3] $85,000 in Executive Fitness.[3]  Executive Fitness owned and operated a fitness facility commonly known as Desert Palms Gym.

In mid-to-late 2011, while preparing the 2010 Federal partnership tax return for Tri Vector, petitioner realized that Tri Vector had not yet received a 2010 Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., from Executive Fitness.  He understood from communications with the majority owner of Executive Fitness that Executive Fitness would not be providing a 2010 Schedule K-1 to Tri Vector.

At this point petitioner contacted his attorney about recovering the money Tri Vector had invested in Executive Fitness.  He spent $15,000 to $20,000 in legal fees pursuing the claim.  In July 2014 he decided to cease pursuing any additional legal action and give up on Tri Vector's investment.

In the course of preparing his Form 1040, U.S. Individual Income Tax Return, for 2010 in mid-to-late 2011, petitioner told his accountant that he had invested $85,000 in Executive Fitness in 2010 and that the investment had gone bad by the end of that year.  His accountant then prepared petitioner's 2010 Form 1040 on the basis of this statement.  On or about October 17, 2011, petitioner filed

---

[3] Documents in the record indicate that petitioner's son may have made some of the investments.  Because of our holding regarding the timing of the loss deduction, however, we need not determine who made which investments.

[*4] his 2010 Form 1040. Petitioner reported a short-term capital loss of $85,000 on his Schedule D, Capital Gains and Losses, for the worthlessness of Tri Vector's investment in Executive Fitness.

OPINION

## I.  Burden of Proof

The taxpayer generally has the burden of proving that the Commissioner's determinations in a notice of deficiency are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1993).  The burden of proof may shift from the taxpayer to the Commissioner in certain circumstances under section 7491(a).  Petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent.

## II.  Loss Deductions

Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise.  "To be allowable as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events, and * * * actually sustained during the taxable year.  Only a bona fide loss is allowable.  Substance and not mere form shall govern in determining a deductible loss."  Sec. 1.165-1(b), Income Tax Regs.; see Cottage Sav. Ass'n v. Commissioner, 499 U.S. 554, 567 (1991); Boehm

[*5] v. Commissioner, 326 U.S. 287, 291-292 (1945).  This general requirement calls for a practical, not legal, test and requires us to consider the particular facts.  See Lucas v. Am. Code Co., 280 U.S. 445, 449 (1930).  Whether a loss occurred in a particular year is a question of fact.  Boehm v. Commissioner, 326 U.S. at 294; sec. 1.165-1(b), Income Tax Regs.

Taxpayers have been able to establish that an investment was worthless by the end of the year even without a sale or disposition of the asset.  See, e.g., Helvering v. Gordon, 134 F.2d 685 (4th Cir. 1943), aff'g 46 B.T.A. 1201 (1942); Citron v. Commissioner, 97 T.C. 200, 210 (1991).  Conversely, courts have denied loss deductions where the taxpayer had a reasonable prospect of recovery.  See, e.g., Estate of Scofield v. Commissioner, 266 F.2d 154, 159 (6th Cir. 1959), aff'g in part, rev'g in part 25 T.C. 774 (1956); sec. 1.165-1(d)(2), Income Tax Regs.

Petitioner conceded at trial that he did not even question the status of Tri Vector's investment in Executive Fitness until 2011 when he realized he was missing the Schedule K-1 from Executive Fitness.  In addition, petitioner's payment of legal fees into 2014 in pursuit of the investment suggests that he did not think the investment was worthless at the end of 2010; or at the least he thought some recovery was possible after 2010.  Therefore, we conclude that

**[*6]** petitioner did not actually sustain the loss from Tri Vector's investment in Executive Fitness in 2010.

For this reason, we do not reach the additional questions raised by respondent including whether the events petitioner identified would be considered "closed and completed transactions" or "identifiable events" or whether he could claim the loss directly even though he made the investment in Executive Fitness through Tri Vector. Petitioner may be entitled to claim loss deductions through Tri Vector when those losses are sustained; we make no findings on that question here.

We have considered all other arguments made and facts presented in reaching our decision, and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.